FREY v. FREY.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—CORROBORATION—CON-DONATION.

Plaintiff wife failed to prove a cause for divorce on ground of extreme cruelty where her allegation of threats by defendant to kill her were not corroborated and alleged sexual· irregularities on his part were denied by him and had long since been condoned through passage of years, if true.

2. SAME—COSTS.

No costs are allowed husband who obtained reversal of decree granting wife a divorce and dismissal of the bill.

Appeal from Wayne; Ferguson. (Frank B.), J.. Submitted January 4, 1951. (Docket No. 46, Calen-· dar No. 44,887.) Decided March 1, 1951. Rehearing denied May 14, 1951.

Bill by Ida Frey against Rudolph Frey for divorce on grounds of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Reversed.

*Frederick J. Plotts,* for plaintiff..

*Temple, Brown, Temple & Williams,* for defendant.

BUTZEL, J. Rudolph Frey appeals from a decree of divorce granted to Ida Frey. At the time of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation, §§ 202, 403.
[1] Character and sufficiency of evidence required to corroborate testimony of plaintiff in divorce suit. 65 ALR 169.
[2] 17 Am Jur, Divorce and Separation, § 575.

hearing in February, 1949, he was 65 years of age and she 61. They had been married for over 31 years. Their only child is over 21 years of age, married, and lives in his own home. They both worked in industrial plants and during the years were able to buy and furnish a good home.

Plaintiff made several charges in her bill of complaint, but with 2 exceptions: First, that the defendant had threatened to kill her, and, second, that the defendant was guilty of sexual deviations; her allegations of cruelty were not substantiated by any proof or were positively disproved by plaintiff herself on cross-examination.

The husband blamed the marital troubles upon a mutual friend whom both parties had known for a long time and who roomed at their house. The husband claimed that he saw plaintiff kiss the roomer, that she loaned him the money he needed to obtain a divorce, and that when defendant told the roomer to get out of the house the plaintiff stated that if he went, she also would go. The roomer carried her suitcase out of the home when she left. Plaintiff denied any impropriety with the roomer. On cross-examination plaintiff admitted that after she left she frequently visited the roomer at his summer cottage and kept some of her clothing there. However, she occupied a separate bedroom and no immoral conduct was shown.

The decree provided that the house be sold and the proceeds thereof, as well as the household furniture and furnishings, were to be divided equally. If the parties could not agree on the division of the furniture and furnishings, they were also to be sold and the proceeds divided. Defendant was given the automobile and was released from the payment of alimony. Defendant admitted on cross-examination that his primary interest was to prevent the loss of

the house but also professed his love for the plaintiff and his desire to have her return home.

Plaintiff's contention that defendant had threatened to kill her was unsupported by any corroborative proof. Defendant admitted that he had threatened to commit suicide but denied that he ever had threatened plaintiff with bodily harm. This was partially corroborated by Mrs. Frey on cross-examination. The other witnesses for the plaintiff testified that defendant was a gruff and undemonstrative person, but they had never seen him treat plaintiff improperly. She seemed to be of a livelier disposition than her husband.

Plaintiff's other grounds were sexual irregularities but she admitted that they had occurred years before she left home. This charge was denied vehemently by defendant. In any event, these irregularities have been condoned by plaintiff through the passage of years and no longer can be the basis for a divorce. According to witnesses for plaintiff the parties continued to live a seemingly normal life up until the time Mrs. Frey left the house. On the Christmas prior to the filing of the bill they exchanged valuable gifts.

There are certain minimum standards which must be met before a divorce can be granted and we do not find in the record sufficient evidence to sustain these requirements. The trial judge, it is true, had the benefit of listening to the parties before he decided that grounds had been shown. However, while we have examined the record carefully in an attempt to sustain the decree, we cannot allow a divorce on the flimsy grounds shown by this record.

The decree is reversed and a decree will be entered herein dismissing the bill. No costs.

Reid, C. J., and Boyles, North, Dethmers, Carr, Bushnell, and Sharpe, JJ., concurred.